No. 88-44

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

J. L. HAMNER,

        Petitioner and Appellant,

   -vs-

BUTTE/SILVER BOW COUNTY, a Political
Subdivision of the State of Montana
and TIM CLARK, Butte/Silver Bow Personnel
Director,

        Respondents.

---

APPEAL FROM:  District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Leslie Hamner, Butte, Montana

    For Respondent:

        Robert McCarthy, County Attorney, Butte, Montana
        Brad Newman, Deputy County Attorney, Butte

---

Submitted on Briefs:  June 30, 1988

Decided: August 18, 1988

Filed: AUG 1 8 1988

Clerk

Mr. Justice R.C. McDonough delivered the Opinion of the Court.

This appeal from the Second Judicial District questions the validity of the District Court's declaratory judgment. Appellant Hamner claims that the lower court erred in declaring his rights under Montana laws relating to veteran's preferences and procurement of public defender legal services. We affirm.

## ISSUES

Respondent Butte-Silver Bow County's (County's) brief provides a more workable listing of issues than Hamner's brief. Hamner's brief provides several contentions which may be addressed under the issues presented by the County. Those issues are:

(1) Did the District Court err in holding that the contract in question herein, calling for the provision of certain legal services to the Butte-Silver Bow local government, created an independent contractor relationship?

(2) Did the District Court err in holding that § 39-30-103(7)(g), MCA, exempted the contract in question herein from the statutory employment preference claimed by Hamner?

(3) Did the District Court err in holding that even if Hamner were entitled to claim statutory public employment preference, his qualifications to provide the legal services in question herein were not substantially equal to those of the law firm to which the contract was awarded?

The relevant facts are as follows: The County advertised for proposals to provide legal services as follows:

2

REQUEST FOR PROPOSAL

The Butte-Silver Bow Local Government is currently accepting written proposals from qualified individuals and firms for the provision of certain legal services. These services are associated with the requirements imposed upon counties to provide for Juvenile Defender and the representation of the Butte-Silver Bow Welfare Department in legal proceedings (53-2-303 MCA.) In addition to the above two areas, Butte-Silver Bow also requires legal representation in certain personnel management functions.

This request for proposals requires qualified respondents to adequately provide for the representation of inidigent [sic] youths in Youth Court representation of the Butte-Silver Bow Welfare Department in such proceedings as required by law, and representation of the local government as deemed necessary or appropriate in areas such as grievance and arbitration matters, labor negotiations, police and fire commission proceedings, and other similar matters.

Hamner submitted a proposal, and informed the County that he qualified for a veteran's preference in County hiring. The County rated Hamner's proposal ninth out of nine proposals, and contracted the services to a Butte law firm. The County refused to consider Hamner's veteran's preference status. Hamner objected and filed this action.

In the lower court, the County contended that the veteran's preference provided by Montana law does not apply to hiring independent contractors. Hamner contended that there was no independent contract.

The County also argued that Hamner could not claim veteran's preference because his proposal for the position was not substantially equal to the proposal of Henningsen and

3

Purcell, the law firm which received the contract. Hamner responded that the advertisement provided the criteria for judging whether an applicant's qualifications were substantially equal. The same arguments are made on appeal.

## I.

The District Court found that the express language of the contract provided independent contractor status for Henningsen and Purcell. The District Court also concluded that: the County had no right to control the firm, the firm is customarily engaged in an independent practice, and that the contract to provide legal services for the County was unnecessary for the firm to continue its business. These facts led the District Court to conclude that the County awarded an independent contract.

Hamner attacks these findings arguing that the contract provision calling for monthly payments establishes an employment relationship. We disagree. The fact that payment occurs in monthly installments does not necessarily establish an employment relationship. We hold that the District Court correctly considered the facts relevant to determining the issue. See Standard Chemical Manufacturing v. Employment Security Division (1980), 185 Mont. 233, 605 P.2d 610. Thus, Hamner's argument on this issue fails.

## II.

Hamner contends that the District Court erred by failing to interpret the intent and effect of the words "employment", "employ", and "salaried", as used in § 7-5-2107, MCA, § 7-4-2708, MCA, and § 46-8-202, MCA, in conjunction with veteran's preference and funding of public defenders under § 3-5-901, MCA. See also § 7-6-2351, MCA; § 7-6-2511, MCA.

4

Section 7-5-2107, MCA, states that a board of county commissioners may "employ such persons as it deems necessary to assist the board in the performance of its duties". Section 7-4-2708, MCA, gives contracting authority to county commissioners, upon consent of the county attorney, to "employ any other attorney licensed in Montana to perform any legal service in connection with the civil business of the county." Section 46-8-202, MCA, gives counties the authority to create a public defenders office, and § 3-5-901, MCA, directs funding, to the extent money is appropriated, for indigent defense. § 7-6-2351, MCA, and § 7-6-2511, MCA, also concern district court funding.

Hamner claims that the District Court failed to provide a proper declaratory judgment by not addressing these statutes in its memorandum. Hamner also contends that legislative intent, as well as the combined effect of these statutes, mandates application of veteran's preference laws for the position at issue. We disagree.

First, in regard to the contention that the District Court inadequately addressed these statutes, we note that the lower court concluded that:

> Section 46-8-202, MCA 1985, does not require that the contract for provision of the legal services at issue herein be a "salaried office of public employment."
>
> . . .
>
> Pursuant to Section 7-1-102, MCA 1985, Butte-Silver Bow County may provide any services or perform any functions not expressly prohibited by state law. Butte-Silver Bow County's power and authority must be liberally construed. Section 7-1-106, MCA 1985. There is no express prohibition under Montana law precluding or preventing Butte-Silver Bow County from entering into an independent contractor relationship for provision of the legal services at issue herein. (Emphasis added.)

5

This conclusion adequately addresses the contentions made by Hamner as to the meaning of the words in the statutes cited by Hamner. The import of the conclusion is that the statutes do not provide Hamner with the relief he requested.

Second, we agree with the District Court that neither the legislative intent nor the combined effect of the statutory words singled out by Hamner constitutes an express prohibition of independent contracts to provide public defender services. Under the facts of this case, Hamner's claim in regard to these statutes fails without such a conclusion. See § 39-30-103(7)(g), MCA; § 7-1-106, MCA.

A further argument by Hamner is that funding for the contract pursuant to § 46-8-202, MCA, mandates an employment relationship. The funding under the statute is for a salaried public defender. We also agree with the District Court on this point, and hold that the language in the statute does not constitute an express prohibition of independent contracts.

In summary, the statutes cited by Hamner provide discretion to the County to establish employee positions. They do not mandate that the positions be established to the exclusion of independent contracts.

We also reject Hamner's contention that the existence of prior identical contracts which created employment rather than independent contractor relationships proves an employment relationship here. The mere existence of the prior relationships is not enough under the facts of this case to sustain the contention.

III.

Moreover, we agree with the District Court that even if Hamner could validly claim a veteran's preference, Hamner's proposal was not substantially equal. The County provided

6

evidence showing that Henningsen and Purcell's proposal better matched the requirements of the position.

Hamner contends, however, that the criteria for judging applicants for the position at issue is contained solely in the advertisement (set out above) soliciting proposals, and that the only criteria in the advertisement for judging applicants is that they be attorneys. We disagree. The advertisement solicits proposals demonstrating the applicant's ability to provide extensive legal services for the County. An analysis of that ability, rather than the advertisement itself, constitutes the criteria for judging an applicant's qualifications for the position. Here, substantial evidence supports the District Court's finding that the County correctly determined that Hamner's qualifications were not substantially equal to the firm awarded the contract. Thus, this contention fails.

Hamner also argues that the lower court's adoption of the County's proposed findings and conclusions in this case constitutes error. We disagree. Under the facts and applicable law of this case, we hold that the District Court did not act improperly in adopting the findings and conclusions proposed by the County.

Thus, we affirm all issues and contentions.

_____
                                Justice

We Concur:

_____

_____

_____

_____
        Justices

7